IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00038-REB-MJW

JACK K. WALLER,

Plaintiff,

vs.

VAIL CLINIC, INC.

Defendant.

---

## ~~JOINT PROPOSED~~ PROTECTIVE ORDER
( Docket No 15 )

Defendant Vail Clinic, Inc. and Plaintiff Jack Waller (together, the "Parties") have stipulated to the terms of this Protective Order.

This Protective Order sought by the parties is designed to preserve the confidentiality of certain testimony given by witnesses in this case and certain information contained in documents produced in this case.  Pursuant to the Protective Order sought by the parties, documents a party deems to be "confidential" shall be so designated in accordance with the Protective Order.  Similarly, all corresponding testimony given by witnesses will be so designated.

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, and adequately protect the confidentiality of certain information, it is, by agreement of the Parties and pursuant to the Court's authority under the Federal Rules of Civil Procedure, STIPULATED AND ORDERED that:

#7022863

1.      This Protective Order shall apply to all documents, materials, and information, including, without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties imposed by Federal Rules of Civil Procedure that are "CONFIDENTIAL" as that term is defined in paragraph three hereof.

2.      As used in this Protective Order, "document" is defined as provided in F.R.C.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3.      Information designated by a party as "CONFIDENTIAL" shall be information that implicates the privacy interests of Plaintiffs or Defendants and/or information contained in non-public business records, personnel records, documents, materials and communications, including but not limited to:  (1) personnel records of Plaintiff or any employee of Defendant or any of its affiliates (including, without limitation, Defendant's affiliate Vail Valley Surgery Center, LLC ("VVSC")); (2) financial and/or proprietary information concerning Plaintiff, Defendant; VVSC or any member of VVSC; and (3) private business information. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case (and, if an appeal is filed, such appellate proceedings).

4.      CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

          (a)     attorneys who are actively working on this case;

(b)     persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings;

(c)     the parties;

(d)     expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings;

(e)     the Court in this case and their employees, and, if this case results in a judgment that is appealed, the Court of Appeals or the United States Supreme Court, as the case may be, and their respective employees ("Court Personnel");

(f)     stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this case;

(g)     deponents; and

(h)     other persons by written agreement of the parties.  The parties agree that Plaintiff may disclose information to his spouse, as long as she is not employed by the Defendant, upon his spouse's signature on the written acknowledgment form attached hereto.

5.     Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), the Parties shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions.  (A form of written acknowledgment satisfactory under the terms hereof is attached hereto.)  All such acknowledgments shall be retained by counsel and shall be

subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6.   Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the term "CONFIDENTIAL," or by designating them as "CONFIDENTIAL" in correspondence from counsel to the party producing documents.

7.   Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order.  Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8.   A party may object to the designation of particular information as CONFIDENTIAL by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion ( *consistent with D.C. Colo L Civ R 7.2 And 7.3* ) requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order.  If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the

- 4 -

prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9.     At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL within forty-five (45) days of conclusion of the action, or the parties may elect to destroy CONFIDENTIAL documents; provided, however, that counsel for each party may retain one copy of the CONFIDENTIAL documents for the sole purpose of maintaining a complete file, and all such retained documents will not be released, disclosed, or utilized except upon express permission of this Court after written notice to counsel for the party that produced the documents.  Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction within forty-five (45) days after conclusion of the action.

10.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Stipulated and approved:


 s/ Burton Levin
Burton H. Levin
LAW OFFICE OF BURTON H. LEVIN
P.O. Box 782
175 Main Street, Suite G-001
Edwards, CO 81632
Telephone: 970-926-3695
Facsimile: 970-926-3845

ATTORNEY FOR PLAINTIFF
JACK WALLER

 s/ Stephanie Ries
Janet A. Savage
Stephanie A. Ries
DAVIS GRAHAM & STUBBS LLP
1550 Seventeenth Street, Suite 500
Denver, CO 80202
Telephone: (303) 892-9400
Facsimile: (303) 893-1379

ATTORNEYS FOR DEFENDANT
VAIL CLINIC, INC.


DATED this 10ᵀᴴ day of ___April___, 2006.

BY THE COURT:



_____
United States District Court Judge

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE


- 6

**PROTECTIVE ORDER AGREEMENT**
**in the case of**
**Waller v. Vail Clinic, Inc.**
**United States District Court for the District of Colorado**
**Case No:  06-cv-00038 -REB-MJW**

The undersigned hereby acknowledges that he/she has read the Order, understands the terms thereof, and agrees, upon threat of penalty of contempt of court, to be bound by those terms.  The undersigned shall keep the material and/or information within his/her exclusive possession and control, shall place the material in a secured and segregated location, shall not disclose the information other than to those specifically authorized by the Order, and shall not use or disclose it other than as authorized by the Order.  The undersigned understands that the pledge of secrecy under this Agreement continues after this action is terminated.

DATED and signed this        day of _____ 2006.

_____

STATE OF COLORADO          )
                           )     ss.
COUNTY OF                  )

Subscribed and sworn to before me this       day of _____, 2006.

Witness my hand and official seal

My commission expires:

_____
Notary Public

- 7